UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22987-CIV-WILLIAMS/MCALILEY

VENIT BAPTISTE, for minor child D.D.,

    Plaintiff,

vs.

VICTORIA BOURLAND and
OLYMPIA HEIGHTS ELEMENTARY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION OF DISMISSAL

This matter is before the Court *sua sponte*. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (citations omitted). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff, Venit Baptiste, filed this action *pro se* on behalf of her minor child against Olympia Heights Elementary and Victoria Bourland, the school principal, arising from the school's alleged failure to timely inform Ms. Baptiste that her child suffered a "superficial" puncture on his hand from a pencil while "playing around." (ECF No. 1 at 4, 7). Plaintiff

alleges that federal question jurisdiction exists based upon numerous statutes that are all *Florida* statutes, not federal statutes. (*Id*. at 3) (listing the basis for federal question jurisdiction as "768.72, 760.51, 768.042, 1006.13, 838.022, 837.05, 1001.51, 1000.05, [and] 1012.796"). Given that Plaintiff's suit is based solely upon state law, this Court's subject matter jurisdiction cannot rest upon federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The Court also notes that none of the Florida statutes that Plaintiff relies upon provide a private right of action and, thus, it is doubtful that Plaintiff has standing to bring suit under these statutes.

The Court recognizes that Plaintiff is proceeding without counsel and, therefore, has considered whether diversity jurisdiction exists. Under 28 U.S.C. 1332, federal courts have diversity jurisdiction over civil actions between citizens of different states or foreign countries where the amount in controversy exceeds $75,000. *See* 28 U.S.C.§1332. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) (quotation marks and citation omitted). The Complaint identifies all parties as citizens of Florida.[1] (ECF No. 1 at 1-2). Given that Plaintiff and Defendants are Florida citizens, complete diversity is lacking.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court

---

[1] Plaintiff lists her address as located in Miami-Dade County, and similarly alleges that Defendant Olympia Heights Elementary is located in Miami-Dade County. (ECF No. 1 at 1-2). It is logical that Defendant Bourland, the Principal of Olympia Heights Elementary, is also a Florida citizen.

dismiss this action without prejudice for lack of subject matter jurisdiction and deny all pending motions as moot.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 27th day of September, 2021.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
    Venit Baptiste, *pro se*

3